**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **TERRY J. BENDER,** | ) | **CASE NO. 1:07 CV 3349** |
| | ) | |
| Petitioner, | ) | **JUDGE KATHLEEN M. O'MALLEY** |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **BRIAN J. PATTON,** | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

On October 29, 2007, pro se petitioner, Terry J. Bender, filed the above-captioned habeas corpus action pursuant to 28 U.S.C. § 2254. The petition for habeas relief seeks to challenge two convictions by the state courts in Ohio – specifically, an April 29, 1982 conviction and an August 31, 1988 conviction. *See* Doc. 1 at p. 2. For the reasons stated below, the petition is **DENIED** and this action is **DISMISSED**.

**I.      BACKGROUND**

According to Bender's petition, he was convicted of receiving stolen property in April 1982 and again in August 1988. Bender's petition indicates that he pleaded guilty to both offenses.[1] The 1982 conviction related to receipt of a stolen motor vehicle. Bender was sentenced to 1 to 10 years in prison; he was paroled on February 2, 1984. The 1988 conviction related to receipt of "less than $300." Bender was sentenced to 6 months in jail (suspended), 1-year probation, costs and community service.

On June 11, 1993, Bender pleaded guilty to various federal drug offenses. Bender's prior convictions increased his "criminal history" thereby resulting in an "enhanced" federal sentence of 360 months. Bender is currently serving that sentence in federal prison.

---

[1]     The Court derives the facts briefly outlined herein exclusively from Bender's petition. Only those facts relevant to the Court's reasoning and conclusion are discussed.

Bender's petition seeks to challenge the constitutionality of his 1982 and 1988 convictions. In sum, he argues that the Ohio state courts failed to advise him of his right to appeal his sentences (*i.e.*, a due process violation). Similarly, he asserts that his attorney was constitutionally ineffective because he did not seek to withdraw Bender's guilty pleas (when sentences different than those contemplated during plea discussions either appeared imminent or actually occurred) or timely appeal the sentences (*i.e.*, a Sixth Amendment violation). Bender's purpose is to upset the state convictions so that he can argue that they could not serve to enhance his criminal history *vis-a-vis* his current federal sentence.

## II.  DISCUSSION

The federal habeas statute requires a person to be "in custody" when a habeas petition is filed. Federal courts may entertain such petitions only on the ground that the custody violates the Constitution or laws of the United States. Further, a petitioner must have exhausted all available state remedies prior to filing for habeas relief. 28 U.S.C. § 2254.

Here, there is no indication on the face of the petition (and its attachments) that Bender seeks to raise a cognizable habeas claim because it is apparent that he was not "in custody" at the time he filed his petition. Once a sentence has "fully expired," collateral consequences are insufficient to render a prisoner "in custody" for purposes of habeas corpus. *Maleng v. Cook*, 490 U.S. 488, 492 (1989) (holding that a habeas petitioner is not "in custody" under a conviction once the sentence imposed for that conviction has fully expired merely because of the possibility that the conviction may be used to enhance a sentence imposed for a subsequent conviction).[2]

Here, it is clear that the sentences resulting from Bender's 1982 and 1988 convictions have fully expired. Bender, therefore, is not "in custody" (for purposes of 28 U.S.C. § 2254) relative to

---

[2]  In cases where petitioners were "in custody" <u>at the time of filing</u>, but were released (and no post-release conditions remained in force) prior to resolution of their petitions, courts have held that the petitions should not be dismissed <u>as moot</u> because collateral consequences (*e.g.*, sentence enhancements) may still result. *See, e.g., Oyler v. Allenbrand*, 23 F.3d 292, 294 (10th Cir. 1994). Because Bender's "custody" had fully expired well before he filed his petition, the issue here is jurisdiction and not mootness.

those convictions. Accordingly, he cannot challenge those convictions *via* habeas corpus relief. Bender's petition, therefore, must be **DENIED**. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, this case must be **DISMISSED**.

Further, the Court **CERTIFIES** that an *in forma pauperis* appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3). The Court also **FINDS** that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; FED.R.APP.P. 22(b).

**IT IS SO ORDERED.**

                                s/ Kathleen M. O'Malley
                                **KATHLEEN M. O'MALLEY**
                                **UNITED STATES DISTRICT JUDGE**

**DATED: January 4, 2008**